**Kenneth Joel NOVAK, Petitioner— Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

**No. 04–16292.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 15, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George J. Cotsirilos, Jr., Esq., Cotsirilos & Campisano, San Francisco, CA, for Petitioner–Appellant.

Thomas E. Flynn, Esq., Phillip A. Talbert, Esq., Office of the U.S. Attorney, Sacramento, CA, for Respondent–Appellee.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM *

Kenneth J. Novak appeals the district court's denial of his habeas petition following his conviction for conspiracy to manufacture phenyl–2–propanone (P2P) and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Novak's habeas petition claimed ineffective assistance of counsel because his trial counsel 1) failed to conduct an independent investigation of the evidence against Novak, and 2) had a conflict of interest in simultaneously representing Novak and another member of the same motorcycle gang to which Novak belonged.

We have jurisdiction under 28 U.S.C. § 2253, and we affirm. Because the parties are familiar with the facts and proce-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dural history, we do not restate them here except as necessary to explain our disposition.

This court reviews *de novo* the district court's denial of a 28 U.S.C. § 2255 motion, as well as its determination that the petitioner did not receive ineffective assistance of counsel. *United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir.2001).

"[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on a claim of ineffective assistance of counsel, a convicted defendant must show that 1) his counsel's representation "fell below an objective standard of reasonableness," *and* 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687—88, 694, 104 S.Ct. 2052.

■ Here, we agree that trial counsel's failure to conduct an independent investigation of the evidence against Novak was not objectively reasonable. Accordingly, Novak has met his burden under the first prong of *Strickland*.

■ However, there is nothing in the record to indicate that Novak would have been willing to accept any plea prior to trial, regardless of the actual amount of evidence against him.[1] To the contrary, the record shows that Novak consistently maintained his innocence and became upset with trial counsel when counsel broached the subject of accepting a plea. As a result, we hold that Novak suffered no prejudice from trial counsel's failure to investigate the evidence. Therefore, his ineffective assistance claim for failure to investigate fails the second prong of *Strickland*.

A defendant's constitutional right to effective assistance of counsel encompasses a "duty to avoid conflicts of interest." *Id.* at 688, 104 S.Ct. 2052. "In order to establish a violation of the Sixth Amendment [based on a conflict of interest], a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *United States v. Wells*, 394 F.3d 725, 733 (9th Cir.2005) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)).

■ Here, the record is clear that Novak's trial counsel simultaneously represented Novak and another member of the same motorcycle gang in separate prosecutions for a period of approximately seven months. Though this simultaneous representation created the potential for a conflict of interest, there is no evidence in the record that an actual conflict existed. Therefore, the ineffective assistance claim predicated on a conflict of interest also fails.

AFFIRMED.

---

1. Novak offers an affidavit, given with the advantage of hindsight, stating that, had he known he might have been subject to a twenty-four-year sentence if convicted, he would have accepted the government's plea offer. However, Novak's self-serving claim is unpersuasive because 1) it was made well after his conviction, and 2) the magistrate judge at Novak's initial court appearance in May 1994 did in fact inform him that, if convicted, he faced a maximum potential penalty of life in prison.